## Estate of Wakefield.

*November 17—December 8, 1925.*

*Trusts: In corporate stock: Trustees as directors of corporation:
Removal because of failure to distribute surplus: Questions
raised on summary application for removal.*

1. Where a testator created separate trusts for each of his eight
   children, consisting principally of corporate stock, the trustees
   to determine the portion of dividends of stock to be dis-
   tributed to each *cestui que trust,* the trustees appointed there-
   under, who were also officers and trustees of the corporation,
   cannot be removed on the ground that their interests are
   adverse to their duties as trustees and to the rights of the
   *cestuis que trust;* where there was no allegation of misman-
   agement, refusal to act, or other misconduct on the part of
   the trustees.   p. 329.
2. The trustees cannot be charged with misconduct in failing to
   make distribution of the undivided profits and surplus held
   in trust until it shall have been determined that there are
   funds of the corporation which are applicable for dividends.
   p. 329.
3. The right of the beneficiaries to a distribution of prior earn-
   ings and the amount subject to distribution under the trust
   is *held* not to be so clear as to make the conduct of the

trustees in awaiting a determination of the court in respect thereto contumacious, nor does it amount to legal misconduct as a matter of law; and an order of the court refusing to remove the trustees before the questions raised by their answer have been heard is sustained.  p. 329.

APPEAL from an order of the county court of Milwaukee county: M. S. SHERIDAN, Judge.  *Affirmed.*

George M. Wakefield died at the city of Milwaukee on October 8, 1903.  His will was duly admitted to probate in the county court of Milwaukee county on December 1, 1903. Mr. Wakefield was possessed of a considerable estate, and at the time his will was executed he had a wife and eight children and a servant, for each of whom he made separate and distinct provisions.  The wife and the servant are both dead, so that upon this appeal we are concerned only with that part of the will making provision for the eight children. The will created eight separate and distinct trusts, one for the benefit of each of his eight children, to continue for the life of each such child and for twenty-one years thereafter, the *corpus* of the trust upon its termination to be turned over to the surviving children of the particular *cestui que trust,* or, in the absence of such surviving children, to be distributed equally among the then surviving children of the testator.  The trustees of each of the trusts were the same, and to each trust was separately bequeathed sixty-two and one-fourth shares of the capital stock of the George M. Wakefield Mineral Land Company.  The trustees were the same, the amount of the *corpus* was the same, but, as each *cestui que trust* was different, the life of each trust was different.

Clause VIII of the will, which created the trust in favor of Thomas Wakefield, is set out in full:

"VIII.    I do hereby give, devise, and bequeath unto *Vernon T. Wakefield* of Milwaukee, Wisconsin, *Catesby W. Taylor* of Sherman, Texas, and Cyrus H. Wakefield of Ripon, Wisconsin, and their successors in trust sixty-two

and one-fourth (62¼) shares of the capital stock of the George M. Wakefield Mineral Land Company, in trust, however, upon the following terms and conditions, that is to say: to pay over all dividends accruing thereon to Thomas Wakefield during his natural life, and to pay over all dividends accruing thereon to the children of said Thomas Wakefield equally for twenty-one years after the death of the said Thomas Wakefield, and then to assign, convey, and deliver said shares of stock to the then surviving children of Thomas Wakefield in equal shares. But if in the meantime and prior to the expiration of said life and twenty-one years the children of said Thomas Wakefield should die leaving issue surviving at the termination of said period of one life and twenty-one years, such issue shall take the same share their parent would have taken if living at the expiration of said trust period of one life and twenty-one years. If at any time during said period of one life and twenty-one years either the said Thomas Wakefield should die without issue or all his children should die without issue, said shares of stock shall upon such failure of issue be distributed to the then surviving brothers and sisters of said Thomas Wakefield in equal shares. Provided, however, that in the case last mentioned any surviving child or children of a deceased brother or sister of said Thomas Wakefield shall take the share that its or their parent would then take if living, and nothing herein contained shall be construed as extending the period of this trust beyond the life of Thomas Wakefield and twenty-one years thereafter,"

The clauses creating the trust in favor of the remaining children were the same except as to the name. Upon the closing of the estate letters of trust were issued to the trustees named, under date of November 1, 1903. The trustees being the same for each of the children, the letters of trust are granted to the trustees of the assets transferred to the trustees, with "full power and authority faithfully to administer and dispose of, according to law and according to the provisions of said will as established, construed, and interpreted in this proceeding and in accordance with the provisions of said final decree, all and singular the

goods, chattels, rights, credits, and estate assigned and trans-
ferred in and by said final decree to you in trust as afore-
said," with the usual provisions as to the powers of the
trustees and requirements as to accounting. The trustees
filed their annual account for the years 1914 to 1923, in-
clusive.

The petitioner, *Katherine L. Wakefield,* married Thomas
Wakefield in 1908, and in December, 1920, the petitioner
commenced an action in the courts of California for a
divorce on the grounds of desertion and failure to provide.
She was awarded a decree, by the terms of which she was
entitled to permanent support and maintenance by Thomas
Wakefield and he was required to pay as alimony for her
support $150 per month beginning March 26, 1921. A
proceeding was thereafter begun in the county court of Mil-
waukee county to appropriate the share of Thomas Wake-
field in the estate of George M. Wakefield to the satisfaction
of the decree entered by the California court. A full state-
ment of that proceeding is made in *Estate of Wakefield,*
182 Wis. 208, 196 N. W. 541. On April 14, 1924, *Kath-
erine L. Wakefield* filed a petition in the county court of
Milwaukee county showing that Thomas Wakefield was
indebted to her in the sum of $3,600 and an additional sum
of $150 due on the 26th day of February, 1924, and a like
sum on the 26th day of each and every month thereafter;
that it was the duty of the trustees to distribute the annual
income; that the trustees had failed and neglected to do
this, and that there was a sum in excess of $25,000 of accu-
mulated earnings which it was the duty of the trustees to
distribute. On May 10, 1924, the trustees filed an answer
to the petition of *Katherine L. Wakefield,* in which they
alleged that they had in their hands as trustees the sum of
$443.36, and that of said sum $105.25 belonged to one Lu-
cile Wakefield, a daughter of James P. Wakefield; that the
assets in their hands consisted of 435 21-28 shares out of a
total of 500 shares issued and outstanding of the capital

stock of the George M. Wakefield Mineral Land Company; that the officers and directors of said corporation are as follows:

### Directors.

Catesby W. Taylor, San Antonio, Texas.
George M. Wakefield, Jr., Los Angeles, Cal.
Vernon T. Wakefield, Milwaukee, Wis.
H. Dorr Wakefield, Wauwatosa, Wis.
T. Madison Taylor, Rochester, N. Y.

### Officers.

Vernon T. Wakefield, President and Treasurer.
Catesby W. Taylor, Vice-President.
H. Dorr Wakefield, Secretary.

The trustees set out the amount of liquid assets in their hands, by which it appeared that the corporation had liquid assets of $26,501.63, of which $15,959.29 was held by *Vernon T. Wakefield, Catesby W. Taylor,* and *George M. Wakefield, Jr.,* not as trustees under the will but as trustees for the G. M. Wakefield Mineral Land Company; that the surplus and undivided profits available to said corporation, according to its present bookkeeping methods, amount to $1,918.56.

Upon the service and filing of the answer, the petitioner *Katherine L. Wakefield,* upon her verified petition of April 14, 1924, and upon the verified reply of the trustees thereto, moved for an order removing the respondents and each of them as trustees of the trust under the last will and testament of George M. Wakefield for the reason that "said respondents are disqualified to act as trustees under said will, and that each of said respondents is so disqualified, for the reason that as officers, directors, and stockholders of the George M. Wakefield Mineral Land Company their interests are adverse and hostile to their duties as trustees under said last will and testament, and to the rights of the several *cestuis que trustent* of said trust."

Estate of Wakefield, 188 Wis. 322.

On April 3, 1925, an order was made denying petitioner's motion to remove the trustees, from which petitioner appeals.

For the appellant there was a brief by *Bloodgood, Kemper & Bloodgood,* attorneys, and *Albert K. Stebbins,* of counsel, all of Milwaukee, and oral argument by *Mr. Stebbins.*

For the respondents there was a brief by *Glicksman, Gold & Corrigan* of Milwaukee, and oral argument by *Nathan Glicksman.*

ROSENBERRY, J.   It is argued that the will created eight separate and distinct trusts; that by the order assigning the estate and pursuant to the letters of trust issued, "the entire issue of stock was thrown by order of the court into a common fund and the trustees given title as far as it could be given by the court, but no further, to all of the outstanding stock in trust for the benefit of all of the *cestuis que trustent* jointly;" that this was in violation of the terms of the will and destroyed the scheme of the testator, and as such gave control of the corporation by a single right instead of by eight different rights; that Thomas Wakefield, one of the sons of the deceased, is only one of the *cestuis que trustent* under the letters of trust and as such is entitled to a child's share of the income; that the petitioner has been substituted for her husband, Thomas Wakefield, as *cestui que trust* until the amounts due her under separate maintenance are paid in full; that the accumulation of funds in the hands of the trustees for the benefit of the corporation is adverse to the interests of the petitioner, and that the duties of the trustees as trustees for the corporation, as trustees for Thomas Wakefield, and as trustees for the petitioner to the extent of her interest in the income due Thomas Wakefield, and as officers and directors of the corporation, are so inconsistent as to disqualify the respondents from longer continuing as trustees for the petitioner.

On behalf of the respondents it is contended that it is

their duty under sec. 182.19, Stats. 1923, to determine the amount of net profits properly applicable to the defendant; that dividends cannot be properly declared until it be determined whether under the will of George M. Wakefield the income to be distributed in the form of dividends is such as has been earned since the death of George M. Wakefield, or whether all surplus and undivided profits, whether earned prior or subsequent to the death of George M. Wakefield, is subject to such distribution. The provisions of paragraph XI of the will, relating to distribution, are as follows:

"My said trustees and their successors in trust shall, out of the profits properly applicable to dividends of the George M. Wakefield Mineral Land Company, deduct and pay over the said one-ninth thereof to my said wife and the said two hundred and fifty dollars to Mary Cunningham annually before distributing the dividends to my children hereinbefore named, that is to say, *Vernon T. Wakefield,* James P. Wakefield, Arthur A. Wakefield, Cyrus H. Wakefield, *George M. Wakefield, Jr.,* Grace W. Taylor, Luella King, and Thomas Wakefield, and the dividends distributed to the last named persons and their children as hereinbefore provided shall be the profits of said corporation properly applicable to the dividends after such profits are diminished by the said payment of one-ninth thereof to my wife and the said annuity to Mary Cunningham, and after retaining not less than five thousand dollars and no more than ten thousand dollars at all times in the treasury of said corporation for the purpose of paying taxes or other lawful charges against said corporation which may be unforeseen and unexpected."

On behalf of the respondents it is argued that until the questions raised by their answer have been determined it cannot be contended that the trustees of the estate as such are guilty of any misconduct; that they should not be required to determine at their peril the legal questions involved. None of the other beneficiaries under the will of George M. Wakefield join in the petition. If the argument

made by counsel for the petitioner is carried to its logical conclusion, it would result in the appointment of separate trustees for the benefit of the petitioner, who claims through Thomas Wakefield. Such trustees could not elect themselves members of the board of directors of the corporation nor could they have a controlling voice in the management of the trust. In view of the situation that exists, there being no allegation of mismanagement, refusal to act, or other misconduct on the part of the trustees, it cannot be said that their position as officers and directors is hostile or inconsistent with their duties as trustees or that their actions are contumacious.

The question of what undivided profits and surplus is applicable to dividends is one quite proper to be raised, and until it shall have been determined that there are funds either in the treasury of the corporation or in the hands of the trustees for its benefit which are properly applicable, the trustees cannot be charged with misconduct in failure to make distribution thereof. The situation presented in this case is not at all like that presented in *Attorney General v. Garrison,* 101 Mass. 223, or *Gartside v. Gartside,* 113 Mo. 348, 20 S. W. 669. The right of the beneficiaries to have a distribution of prior earnings and the amount subject to distribution under the terms of the will is not so clear as to make the conduct of the trustees in awaiting a determination of the court in respect thereto contumacious, nor does it amount to legal misconduct as a matter of law.

*By the Court.*—Order affirmed.